```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

ROBERT COTNER,                  :
                                :   Civil Action No. 09-4229 (WJM)
            Plaintiff,          :
                                :
       v.                       :   **MEMORANDUM OPINION**
                                :
F.B.I., U.S. GOVERNMENT,        :
                                :
            Defendants.         :

**APPEARANCES:**

    ROBERT COTNER, Plaintiff pro se
    #93780, B/S - 230
    Mack Alford Correctional Center
    P.O. Box 220
    Stringtown, OK 74569

**MARTINI**, District Judge

Plaintiff Robert Cotner, a prisoner confined at the Mack Alford Correctional Center in Stringtown, Oklahoma, seeks to bring this civil action under the American with Disabilities Act, and 42 U.S.C. § 1983, alleging civil rights violations. Plaintiff submits this action in forma pauperis, pursuant to 28 U.S.C. § 1915. For the following reasons, Plaintiff's request to proceed in forma pauperis will be denied.

## BACKGROUND

Plaintiff's Complaint seeks, in a rambling and incoherent fashion, to compel the F.B.I. and U.S. Government to investigate on-going criminal enterprises conducted by Oklahoma state and federal officials and politicians who are allegedly connected to

crime families in New York and New Jersey and a drug ring in Seattle, Washington. Plaintiff claims that the F.B.I. has given him "written permission" to sue them and the U.S. Government for $200,000.00 in damages. Plaintiff does not attach this alleged written consent to his Complaint.

## DISCUSSION

Plaintiff seeks to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals prior to enactment of PLRA count as "strikes" under § 1915(g)). A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury." Id. When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation

faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

An examination of court records reveals plaintiff has filed numerous civil actions in various federal courts. More than three of these actions have been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A. For instance, in Cotner v. Anderson, et al., Civil No 08-284 (FHS-SPS), filed in the United States District Court for the Eastern District of Oklahoma, the court denied Plaintiff leave to proceed in forma pauperis on the ground that Plaintiff had been restricted from filing a complaint without first prepaying the filing fees, pursuant to 28 U.S.C. § 1915(g). The court observed, as follows:

> The court previously has set forth the numerous instances in which plaintiff's civil rights actions have been dismissed as frivolous or malicious or for failing to state a claim upon which relief may be granted. See Cotner v. Campbell, 618 F. Supp. 1091, 1097 (E.D. Okla. 1985)(discussing at least six other successive, frivolous complaints), aff'd on this issue sub nom., Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986). He also has filed at least 45 actions in the United States District Court for the Northern District of Oklahoma, see Cotner v. Nichols, No. CIV-92-930-C(N.D. Okla. Sept. 28, 1994), and several similar cases in the Western District of Oklahoma, see Cotner v. State of Oklahoma, ex rel. County of Creek, No. CIV-94-1783-T(W.D. Okla. Oct. 20, 1995)(dismissed as frivolous), aff'd, No. 95-6387 (10th Cir. Jan. 9, 1996); Cotner v. Knight, No. CIV-94-848-T(W.D. Okla. Feb. 24, 1995)(summary judgment for defendants granted), aff'd, No. 95-6105 (10th Cir. July 21, 1995); and Cotner v. Sharp, 567 F. Supp. 888 (W.D. Okla. 1983)(dismissed as frivolous).

See Cotner v. Anderson, et al., Civil No. 08-284-FHS-SRS, docket entry no. 4 (E.D. Okla. July 31, 2008).

Clearly, Plaintiff has exceeded the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g).  Because the Complaint in this action does not contain allegations reasonably suggesting that Plaintiff is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g), Plaintiff may not proceed in forma pauperis.

This Court makes no findings as to whether or not Defendants have violated any state or federal law, or otherwise violated Plaintiff's constitutional rights.[1]  However, this Court finds that Plaintiff has not demonstrated "imminent danger" in order to override the "three strikes" requirement of § 1915(g).

---

[1] However, this Court does point out that Defendants most likely are immune from suit in this instance.  The United States has sovereign immunity except where it consents to be sued. United States v. Mitchell, 463 U.S. 206, 212 (1983).  In the absence of such a waiver of immunity, plaintiff cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484-87 (1994), or against any of the individual defendants in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or her official capacity is a suit against the government).

## **CONCLUSION**

Based on the foregoing, Plaintiff's request to proceed <u>in forma pauperis</u> will be denied, pursuant to 28 U.S.C. § 1915(g). As set forth in the accompanying Order, Plaintiff's case will be administratively terminated. Upon submission of the filing fee within 30 days, Plaintiff may move to reopen his case, if he so chooses.

                                              s/William J. Martini

                                              WILLIAM J. MARTINI
                                              United States District Judge

Dated: 10/15/09